10009

STATE v. CAMPBELL.

1. HOMICIDE—SELF-DEFENSE.—A person assaulted, being without fault in bringing on the difficulty, has the right to use such force as is necessary for his complete self-protection, or which in the mind of a person of ordinary reason and firmness would reasonably prevent the assailant from taking his life or inflicting serious bodily harm.

2. If without fault he has the right to use such necessary force as required for his complete protection from loss of life, or serious bodily harm, and cannot be limited to the degree of quantity of attacking opposing force.

Before SEASE, J., Spartanburg, Fall term, 1916. Reversed and new trial granted.

Broadus Campbell was convicted of manslaughter, and he appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As to the degree or quanity of force a person assaulted may use to prevent the assailant from taking his life, or inflicting serious bodily harm upon him:* 1 Bishop Crim. L., sec. 865; 13 Ohio C. C. N. 471.

*Solicitor I. C. Blackwood,* for the State (oral argument).

July 1, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

I cannot concur in the opinion of Chief Justice Gary.

I think the exceptions should be sustained, and a new trial granted. The charge of his Honor was both erroneous and prejudicial.

The defendant was in his barber shop engaged peaceably in his avocation. The deceased a short time before had beaten and bloodied one Walter Paul with a beer bottle over the head. The deceased was under the influence of liquor, boisterous, and rowdy. After Paul was beaten up by the

deceased, Paul was carried into a back room to be washed up and his hurts attended to. The deceased, still angry, unappeased, and still violent attempted to get into the back room where Paul was, battering upon the door, which was locked. He was remonstrated with and begged to go home. He started home, but returned. Rogers, who occupied the store through which the deceased tried to get into the room where Paul's injuries were being attended to, went to the front door of defendant's barber shop and begged him to prevent further trouble between deceased and Paul. Just then deceased came around to Campbell's barber shop where Campbell, in response to call from Rogers, was standing in front of his door. The defendant begged deceased to go home and have no further trouble. Deceased was angry and accused Campbell of taking sides with Paul and started towards Campbell. Campbell pushed deceased back, who then came at Campbell with one hand under his other arm, where a beer bottle was concealed, in which attitude Campbell shot him. The State's witnesses show the deceased, especially when drinking, was violent and turbulent.

A person assaulted, being without fault in bringing on the difficulty, has the right to use such force as is necessary for his complete self-protection, or which in the mind of a person of ordinary reason and firmness would reasonably prevent the assailant from taking his life or inflicting serious bodily harm. The defendant in this case had this right. He was not limited to the right to repel force by a beer bottle and wait to see if deceased intended only to inflict on him such injuries as he had inflicted on Paul. He (the defendant) was not limited to use the same force and no more than that with which he was threatened. The defendant, if without fault, had the right to use such necessary force as required for his complete protection from loss of life or serious bodily harm, and could not be limited to the degree or quantity of attacking opposing force.

8—111

. Under the facts of the case, the jury must have been mis-led by the charge of his Honor, and to such an extent as to prejudice his plea of self-defense.

Judgment is reversed, and new trial granted.

MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE FRASER. The charge is clearly erroneous, and its prejudicial effect manifest.

MR. CHIEF JUSTICE GARY, *dissenting*. The defendant was indicted for murder, and convicted of manslaughter.

All of the exceptions were abandoned except the following: "His Honor, the presiding Judge, erred in charging the jury as follows: 'He has the right, when attacked or assaulted, to repel force with force, to use the force that is used against him to repeal the assailant, but he would not have the right to use more."

"Specifications: A person assaulted has the right to use such force as is necessary, or which in the mind of a person of reasonable firmness and prudence is necessary, to prevent his assailant from inflicting serious bodily harm, even to the extent of taking his life; he is not limited to the exercise of only the degree of force which the assailant may exert; which is the clear interpretation of the charge."

Even if this excerpt from the charge should be construed alone, it cannot be successfully contended that his Honor, the Circuit Judge, intended to limit the right of the defendant to use such force as was necessary to save himself from loss of life or serious bodily harm. That would be an exceedingly strained construction. It is, however, a well established canon of interpretation that the charge must be considered in its entirety.

So much of the charge as relates to the question under consideration is as follows:

"As counsel told you, where one strikes with the open hand, and there is nothing more surrounding it to make him

believe he is in danger of serious bodily harm, or losing his life, that is manslaughter.   Where a man is attacked, and all the circumstances indicate that he is in danger of serious bodily harm or losing his life, and he takes life, that would be self-defense.   He has a right, when attacked or assaulted, to repel force with force, to use the force that is used against him to repel his assailant; but he would not have a right to use more.   After a man has been assaulted and has been given a sufficient legal provocation, and does not strike at that time, and has had time to cool and deliberate, and, after cooling time, kills, that would be murder.   Those are just two probable cases to show you what I mean.   In the books many definitions and examples are given.   I have given you one example.   That does not mean I have given you all. Manslaughter, I have given you an example of it."

The charge is so clear, when considered as a whole, it is unreasonable to suppose that it was misunderstood by the jury.

Mr. Justice Hydrick concurs in the dissenting opinion of the Chief Justice.