1497

The STATE, Respondent v. James Willie BOWERS, Appellant.

(392 S.E. (2d) 482)

Court of Appeals

*Chief Attorney David I. Bruck* and *Asst. Appellant Defender Stephen P. Williams* of *S. C. Office of Appellate Defense*, Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Miller W. Shealy, Jr.*, Columbia, and *Sol. Robert J. Harte*, Aiken, *for respondent.*

Heard March 21, 1990.

Decided May 7, 1990.

CURETON, Judge:

James Willie Bowers was convicted of possession of crack cocaine with intent to distribute. He appeals his conviction. We affirm.

Law enforcement officials executed a search warrant on a mobile home occupied by Bowers and his mother, Annie Bowers. Several individuals were in the home when the agents entered. One of the officers testified they entered the premises after announcing their presence and hearing movement inside. Bowers was standing near the end of a hallway.

His mother was in the living room. When officials searched the home they found a matchbox containing narcotics swirling in the toilet. The bathroom is located off the hallway. A bedroom at the end of the hallway was occupied by an individual who appeared to be asleep or impaired. Considerable effort was required to awaken this person. Drug paraphernalia were found in the bedroom. Annie Bowers was holding her pocketbook which contained almost nine hundred dollars. The drugs recovered from the toilet were analyzed and determined to be crack cocaine.

Bowers argues the trial court erred in failing to grant his motion for severance of his trial from his mother's trial. He asserts he was prejudiced by the introduction of the money found in his mother's pocketbook since the case against him was circumstantial. He further argues that in a separate trial evidence of the money would have been inadmissible against him. Bowers points out the jury inquired about the money during its deliberations proving it was preoccupied with the significance of the money.

The grant or denial of a motion for severance is within the discretion of the trial judge and his ruling will not be disturbed on appeal unless an abuse of discretion is shown. *State v. Allen*, 269 S.C. 233, 237 S.E. (2d) 64 (1977). Whether or not evidence of the presence of the money would have been admissible in Bower' separate trial, we find no prejudice. Bowers did not object to the testimony about the money at trial. Bowers could have adequately protected himself from the claimed prejudice by objecting to the testimony and requesting a limiting instruction. *State v. Harvey*, 253 S.C. 328, 170 S.E. (2d) 657 (1969); 75 Am. Jur. (2d) *Trial* Section 22 (1974); 22A C.J.S. *Criminal Law* Section 570 (1989).

Bowers also asserts the solicitor impermissibly commented upon his post-arrest silence during closing argument. The solicitor argued Bowers was trying to incriminate the individual found in the bedroom who died before trial. The solicitor commented Bowers did not tell anyone the drugs belonged to this person at the time the police arrested Bowers and discovered the drugs.

We find no prejudice in the solicitor's argument. We note evidence of Bowers silence was first divulged during cross-

examination of the law enforcement officials by defense counsel. The record also does not contain a contemporaneous objection to the solicitor's argument. There is a motion for a mistrial in the record but no explanation of the basis for the motion. Any alleged error in the solicitor's closing argument was not preserved. *State v. Myers*, 391 S.E. (2d) 551 (S.C. 1990).

As his third point, Bowers argues the trial court erred in not granting his motion for directed verdict. In ruling on a motion for directed verdict the trial court is concerned with the existence or nonexistence of evidence and not its weight. The trial judge should submit the case to the jury if there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. *State v. Brown*, 267 S.C. 311, 227 S.E. (2d) 674 (1976).

Although the evidence against Bowers was circumstantial, we find no error by the trial court in submitting the case to the jury. As stated in *State v. Littlejohn,* 228 S.C. 324, 328, 89 S.E. (2d) 924, 926 (1955):

> [T]here is one test by which circumstantial evidence is to be measured by the jury in its deliberations, and quite another by which it is to be measured by the trial judge in his consideration of the accused's motion for a directed verdict. As to the former, it is necessary that every circumstance relied upon by the state be proven beyond a reasonable doubt; and that all the circumstances so proven be consistent with each other and, taken together, point conclusively to the guilt of the accused to the exclusion of every other reasonable hypothesis. It is not sufficient that they create a probability, though a strong one; and if, assuming them to be true, they may be accounted for upon any reasonable hypothesis which does not include the guilt of the accused, the proof has failed . . . *But on a motion for direction of verdict, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there*

*be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced.* (Emphasis added.)

Bowers lived in the mobile home with his mother. When the officers arrived there was the sound of movement in the trailer. Upon their entry the officers observed Bowers in the area closest to the bathroom. The drugs were found in the toilet after someone had apparently tried to flush them without success. There was evidence the individual in the nearby bedroom was too indisposed to have tried to flush the drugs down the toilet. Drug paraphernalia were found in the trailer.

Possession of drugs may be actual or constructive. *State v. Ellis*, 263 S.C. 12, 207 S.E. (2d) 408 (1974).

Although his mother had the money in her pocketbook there was substantial circumstantial evidence which reasonably tended to prove Bowers had actual possession of the drugs immediately before the police entered the premises or, alternatively, he had constructive possession of the drugs while living in the household with his mother. The trial judge therefore correctly denied his motion for a directed verdict.

Affirmed.

GARDNER and BELL, JJ., concur.