2294
The STATE, Respondent v. Willie Lee BALLENGER, Appellant.
(454 S.E. (2d) 355)

Court of Appeals

*Asst. Appellate Defender Robert M. Pachak,* of *S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Rakale Buchanan Smith,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Jan. 10, 1995.

Decided Jan. 30, 1995; Reh. Den. Mar. 3, 1995.

HOWELL, Chief Judge:

Willie Lee Ballenger was convicted of possession of crack cocaine with intent to distribute, sentenced to 27 years imprisonment, and fined $50,000. Ballenger appeals the trial court's denial of his motion for a directed verdict. We reverse.

When a motion for a directed verdict is made in a criminal case, the trial judge is concerned with the existence or nonexistence of evidence, not its weight. *State*

*v. Barksdale,* 311 S.C. 210, 428 S.E. (2d) 498, (Ct. App. 1993). The motion should be granted if the evidence merely raises a suspicion that the accused is guilty. *Id.* On appeal from a denial of a motion for a directed verdict of not guilty, the evidence must be viewed in the light most favorable to the State. *State v. Schrock,* 283 S.C. 129, 322 S.E. (2d) 450 (1984); *State v. Stewart,* 278 S.C. 296, 295 S.E. (2d) 627, *cert. denied,* 459 U.S. 828, 103 S.Ct. 64, 74 L.Ed. (2d) 65 (1982).

The facts viewed in the light most favorable to the State are as follows. Lieutenant Ed Blackburn of the Greenville City Police Department received a dispatch on July 27, 1992, at about 5:15 p.m. in response to reports of a man wearing a white tee shirt and black shorts who was allegedly selling drugs at the intersection of Grace and McCall streets. Lieutenant Blackburn further testified that the intersection of Grace and McCall is a known drug area. In response to the dispatch, Lieutenant Blackburn radioed two units, Detectives Bowser and Hawkins and Detectives Kelly and Brown, to respond to the complaints.

Detectives Bowser and Hawkins were riding together and arrived on the scene first. Detective Bowser, who was not driving at the time, testified that he saw two males at the intersection of Grace and McCall. One of those males was Ballenger, who was wearing black shorts and a white tee shirt. Detective Bowser testified that Ballenger appeared to be involved in a drug transaction, spotted the detectives, seemed to put something in his pocket, then began to run. Detective Bowser radioed the other unit to warn them that Ballenger was running in their direction. He then got out of his own vehicle and chased Ballenger. Detective Kelly also chased Ballenger, who scaled two fences before he was apprehended by Detective Brown. After Ballenger was subdued, Detective Bowser retraced his steps in the chase, but did not find any drugs. Detective Brown then searched the area of the second fence Ballenger jumped, and found a quantity of crack cocaine wrapped in newspaper.

On appeal, Ballenger argues the trial court should have granted his motion for directed verdict of acquittal. He claims that the State failed to present sufficient evidence of constructive possession. We agree.

The State is required to prove every element of the crime for which an accused is charged. *Barksdale, supra.* Ballenger was charged with possession of crack cocaine with intent to distribute. Proof of this crime requires proof of possession. *See* S.C. Code Ann. § 44-53-375 (Supp. 1993). Possession may be either actual or constructive. *State v. Bowers,* 301 S.C. 457, 392 S.E. (2d) 482 (Ct. App. 1990).

The State did not prove actual possession by Ballenger. The State produced evidence that police found a bag containing crack cocaine on the ground near where Ballenger was apprehended; however, none of the four police officers who participated in arresting Ballenger saw Ballenger take anything from his pocket and drop it, nor did any officer see anything fall from Ballenger's pocket. Although one of the officers testified that Ballenger seemed to be involved in a drug transaction when the police arrived and that Ballenger seemed to put something into his pocket, the record contains no elaboration on the alleged drug transaction and the officer could not describe the object Ballenger allegedly put in his pocket other than to say that it was "small." Therefore, because it failed to prove actual possession, the State was required to prove constructive possession.

Proof of constructive possession requires a showing that the accused had dominion and control over either the drugs or the premises upon which the drugs were found, as well as knowledge of the presence of the drugs. *State v. Hudson,* 277 S.C. 200, 284 S.E. (2d) 773 (1981). Mere presence in the area where drugs are found does not constitute constructive possession. *State v. Kimbrell,* 294 S.C. 51, 362 S.E. (2d) 630 (1987); *State v. Tabory,* 260 S.C. 355, 96 S.E. (2d) 111 (1973). Applying these standards, we hold that the record does not contain evidence of constructive possession. There was testimony at trial that because drug dealers do not want to be arrested with drugs on their persons, they often hide them around the area where Ballenger was arrested. The evidence established that drugs are often found in the subject area hidden or just "laying around" under rocks, bushes, bricks, or along fences in the area. The State presented no evidence that Ballenger had knowledge of the drugs and dominion or control over the premises where the drugs were found. Thus, the State failed to prove constructive possession.

While the jury is entitled to weight the evidence presented at trial, it is the duty of the trial judge to direct a verdict when there is an absence of evidence. *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984). The State presented evidence in this case which may raise a suspicion of Ballenger's guilt, but it did not present any direct or circumstantial evidence which showed that Ballenger had actual or constructive possession of the drugs. Accordingly, the jury's verdict is reversed and the case is remanded for entry of judgment of acquittal, in accordance with this decision.

Reversed and remanded.

CURETON and CONNOR, JJ., concur.