THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Kaye Blackwell, Appellant.
 
 
 

Appeal From Cherokee County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-025
Heard January 10, 2006  Filed January 12, 2006

AFFIRMED

 
 
 
 Acting Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 
 
 PER CURIAM:  Kaye Blackwell appeals from her conviction for possession of methamphetamine, arguing the trial judge erred by allowing the primary arresting officer to testify that Blackwell told him she was not willing to cooperate with the police.  We affirm.
 FACTS
 On May 5, 2003, officers executed a search warrant for Blackwells residence.  When police entered the trailer, they found Blackwell in the bathroom, standing over the toilet.  The toilet had just been flushed and an officer retrieved several bags of methamphetamine from the swirling water.  To get to the toilet, the officer pushed Blackwell into the bathtub.  After obtaining the bags, the officer helped Blackwell out of the tub.  At that time, the officer found a white pill bottle laying in the tub.  When the officer later opened the bottle, he discovered that it contained various glassine baggies.  Of the bags tested, the bags combined contained a total of .31 grams of methamphetamine.  Blackwell initially told the officers the drugs were for her personal use; however, she later stated they belonged to an unidentified male, who was found in the living room of the trailer.  On June 22 and 23, 2004, Blackwell was tried for possession of methamphetamine with intent to distribute.  The jury found Blackwell guilty of possession of methamphetamine.  The judge sentenced her to five years imprisonment, fined her $5,000, and ordered her to undergo treatment for substance abuse.  Blackwell now appeals.      
 LAW/ANALYSIS
Blackwell argues the trial judge erred by allowing the primary arresting officer to testify that Blackwell told him she was not willing to cooperate with the police because the testimony was inadmissible and unfairly prejudicial.  We disagree.
In criminal cases, an appellate court reviews errors of law only.  State v. Wilson, 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001).  A courts ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant.  State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).  A trial judges decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances.  State v. Hamilton, 344 S.C. 344, 357, 543 S.E.2d 586, 593 (Ct. App. 2001).
Error in criminal prosecution is harmless error when it could not reasonably have affected the result of the trial.  State v. Mitchell, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985).  In this case, there was abundant evidence in the record from which the jury could have found Blackwell guilty, notwithstanding the officers testimony.  Blackwell was found in her home, standing over a toilet that contained several bags of methamphetamines.  See State v. Hudson, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) (holding that where an officer retrieved three cellophane bags containing white powder from the toilet before they could be flushed away, there was sufficient evidence from which a reasonable trier of fact could conclude beyond a reasonable doubt that appellant constructively possessed heroin with intent to distribute); State v. Bowers, 301 S.C. 457, 461, 392 S.E.2d 482, 485 (Ct. App. 1990) (finding that where officials found a matchbox containing narcotics swirling in the toilet when they searched the home, there was substantial circumstantial evidence that reasonably tended to prove appellant had actual possession of the drugs immediately before the police entered the premises).  A pill bottle containing additional bags of methamphetamines was found in her bathtub after Blackwell was pulled out of the tub.  Additionally, Blackwell told the police that the drugs belonged to her.  Considering the overwhelming evidence of Blackwells guilt, any possible error that resulted from the challenged testimony was harmless.  Furthermore, the reference to Blackwells lack of willingness to cooperate was a single reference, which was never repeated or alluded to again at her trial.  See State v. Truesdale, 285 S.C. 13, 18-19, 328 S.E.2d 53, 56 (1984) (noting that a violation of Appellants constitutional protection against self-incrimination constitutes harmless error if the reference to silence is a single reference; the single reference is not repeated or alluded to in either the trial or in jury argument; the prosecutor does not directly tie the defendants silence to his exculpatory story; the exculpatory story is totally implausible, transparently frivolous; and the evidence of guilt is overwhelming).
AFFIRMED. 
GOOLSBY, ANDERSON, and SHORT, JJ., concur.