THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Marquise Harrison, Appellant.
 
 
 

Appeal From Spartanburg County
 Roger L. Couch, Circuit Court Judge

Unpublished Opinion No.  2006-UP-350
Submitted October 1, 2006  Filed October 18, 2006

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  
As to Issue I regarding the denial of Harrisons motion for a directed verdict:  State v. Harry, 321 S.C. 273, 277, 468 S.E.2d 76, 79 (Ct. App. 1996) (quoting Kimbrough v. Commonwealth, 550 S.W.2d 525 (Ky. 1977)) (A motion for a directed verdict made at the close of the [States] case is not sufficient to preserve error unless renewed at the close of all the evidence, because once the defense has come forward with its proof, the propriety of a directed verdict can only be tested in terms of all the evidence.); State v. Bailey, 368 S.C. 39, 43 n.4, 626 S.E.2d 898, 900 n.4 (Ct. App. 2006) (If a defendant presents evidence after the denial of his directed verdict motion at the close of the States case, he must make another directed verdict motion at the close of all evidence in order to appeal the sufficiency of the evidence.).
 
As to Issue II concerning the trial judges instruction on harm as it relates to the homicide by child abuse statute:  State v. Hughey, 339 S.C. 439, 450, 529 S.E.2d 721, 727 (2000) (The trial judge is required to charge only the current and correct law of South Carolina.); State v. Burkhart, 350 S.C. 252, 261, 565 S.E.2d 298, 302 (2002) (A jury charge is correct if it contains the correct definition of the law when read as a whole.); State v. Benjamin, 345 S.C. 470, 474, 549 S.E.2d 258, 260 (2001) (The test for the sufficiency of a jury charge is what a reasonable juror would have understood the charge to mean.); State v. Ezell, 321 S.C. 421, 425, 468 S.E.2d 679, 681 (Ct. App. 1996) (A jury charge which is substantially correct and covers the law does not require reversal.).  
AFFIRMED.
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.