THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Frederick J. Jenkins, Appellant.
 
 
 
 
 

Appeal From Spartanburg County
E. C. Burnett, III, Circuit Court Judge

Unpublished Opinion No. 2011-UP-183
 Submitted April 1, 2011  Filed April 19,
2011    

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and Solicitor
 Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Frederick
 J. Jenkins appeals his conviction for possession with intent to distribute
 crack cocaine.  He argues the trial court erred in (1) denying his motions for
 a directed verdict on the offense; (2) permitting the use of a statutory
 inference of intent to distribute based upon the amount of crack seized; and (3)
 commenting on the facts of the case while instructing the jury.  We affirm.[1]
Jenkins argues the trial
 court erred in denying his motion for a directed verdict because the State
 failed to introduce sufficient evidence he had constructive possession of or
 intended to distribute crack cocaine found in a car he was driving.  We disagree.
"When reviewing a denial
 of a directed verdict, this [c]ourt views the evidence and all reasonable
 inferences in the light most favorable to the nonmoving party."  State
 v. Brannon, 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010) (citation
 omitted).  "To survive a motion for directed verdict, the [S]tate must
 present any direct evidence or substantial circumstantial evidence
 . . . from which the defendant's guilt can be fairly and logically
 deduced."  State v. Muhammed, 338 S.C. 22, 26, 524 S.E.2d 637, 639
 (Ct. App. 1999) (citations omitted).
"A person who
 . . . possesses with intent to distribute . . . cocaine
 base . . . is guilty of a felony
 . . . ."  S.C. Code Ann. § 44-53-375(B) (Supp. 2010).  The
 South Carolina Code "creates a permissive inference that possession of
 more than one gram of crack cocaine constitutes possession with intent to
 distribute."  State v. James, 362 S.C. 557, 561, 608 S.E.2d 455,
 457 (Ct. App. 2004) (discussing § 44-53-375(B)).
"Possession may be
 actual or constructive," and "constructive possession occurs when the
 person charged with possession has dominion and control over either the drugs
 or the premises upon which the drugs are found."   State v. Ballenger,
 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996) (citations and internal quotation
 marks omitted).  Moreover, "[f]light has been held to constitute evidence
 of guilty knowledge and intent."  State v. Ezell, 321 S.C. 421,
 424, 468 S.E.2d 679, 681 (Ct. App. 1996).  
We hold the State introduced
 sufficient evidence to create a jury question on constructive possession.  The
 record included evidence Jenkins had dominion and control over the crack cocaine
 in question because he was driving the car in which the crack cocaine was found,
 and the crack cocaine was in a sandwich bag on the driver's-side floorboard.  
Moreover, the State provided
 sufficient evidence to create a jury question of whether Jenkins knew the crack
 cocaine was in the car and intended to distribute the drugs.  In addition to
 the crack cocaine's location in the bag on the floorboard, the record
 established that the amount of crack recovered was nearly seven times greater
 than the minimum amount sufficient to allow the jury to infer intent to
 distribute.  Jenkins also continued to flee the police even after an
 acquaintance who was allegedly forcing Jenkins to flee jumped from the car.  See Ballenger, 322 S.C. at 200, 470 S.E.2d at 854 (noting that "flight
 . . . is at least some evidence of guilt" for the charge of
 possession with intent to distribute crack cocaine).  Accordingly, the trial
 court properly denied the motions for a directed verdict.
Jenkins's remaining arguments
 are not preserved.  See State v. Bryant, 383
 S.C. 410, 418, 680 S.E.2d 11, 15 (Ct. App. 2009) ("An
 issue must be raised and ruled upon in the [trial] court in order to be
 preserved for appellate review.").
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.