725 S.E.2d 136

**The STATE, Respondent,**

v.

**Diamon D. FRIPP, Appellant.**

**No. 4956.**

Court of Appeals of South Carolina.

Heard Feb. 15, 2012.

Decided March 21, 2012.

Rehearing Denied May 3, 2012.

Robert M. Pachak, of Columbia and Jared Sullivan Newman, of Port Royal, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor I. McDuffie Stone, III, of Beaufort, for Respondent.

KONDUROS, J.

Diamon Fripp appeals his conviction for trafficking in cocaine. He maintains the trial court erred in admitting a statement he made to police and evidence of money and stones discovered during the search incident to his arrest for evading arrest. He also argues the trial court erred in charging the jury on both actual possession of drugs and constructive possession. We reverse and remand.

## FACTS

Beaufort County Sheriff's officer Sergeant Scott Rodriguez received a call to investigate a disturbance involving a male in a blue shirt in the parking lot of the Studio Seven Nightclub around 2 a.m. on January 1, 2009. Sergeant Rodriguez testi-

fied he observed a male in a blue shirt near the entrance to the club and saw the club's owner gesture toward the man in the blue shirt. Sergeant Rodriguez called to the man, Fripp, asking if he could talk to him. Fripp walked in the opposite direction of Sergeant Rodriguez, weaving through vehicles in the parking lot. Sergeant Rodriguez then called to Fripp: "Stop. Sheriff's Office" or "Sheriff's Office. Stop." According to Sergeant Rodriguez, Fripp continued moving away from him and disappeared behind a black pick-up truck and was out of sight for approximately ten seconds. Fripp reappeared and then began walking in Sergeant Rodriguez's direction "as though he was going to pass by" him. Sergeant Rodriguez could not see Fripp's hands and drew his weapon and ordered Fripp to the ground. Fripp refused and stated "No, it's cold. No, you got nothing on me. I have no drugs." Sergeant Rodriguez was able to handcuff Fripp, and he searched him finding approximately $600 of crumpled bills in different denominations and some stones in his pockets. When the stones were placed on the trunk of the patrol vehicle, Fripp attempted to gather the stones into his mouth. Fripp was placed in the back of a second patrol vehicle that had arrived on the scene. Another officer searched the area behind the black pick-up truck and found a baggie containing a white powdery substance that subsequently tested positive for cocaine. Sergeant Rodriguez showed the baggy to Fripp and said, "You're getting charged with this." Fripp then stated, "I don't know anything about that cocaine."

At trial, Fripp sought to suppress evidence of the statement he made regarding cocaine arguing the statements were made without him having received *Miranda*[1] warnings. He also sought to suppress the money and stones discovered during the search, contending that because the resisting arrest charge had been dismissed in magistrate's court, any evidence found incident to his arrest on the charge was the result an unlawful search. The trial court denied the motions. Also, over Fripp's objection the trial court charged the jury on both actual and constructive possession of cocaine. Fripp argued the evidence the State presented only supported a theory of

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

actual possession. Fripp was convicted and sentenced to twelve years' imprisonment. This appeal followed.

### LAW/ANALYSIS

Fripp contends the trial court erred in charging constructive possession to the jury when the facts presented by the State could not have supported such an instruction. We agree.

"An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion." *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence." *Id.* "The law to be charged to the jury must be determined by the evidence presented at trial." *State v. Harris*, 382 S.C. 107, 113, 674 S.E.2d 532, 535 (Ct.App.2009); *see also Clark v. Cantrell*, 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000) ("When instructing the jury, the trial court is required to charge only principles of law that apply to the issues raised in the pleadings and developed by the evidence in support of those issues.").

"Actual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession, while constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs are found." *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996) (citation omitted).

The facts of this case present no basis for a jury charge of constructive possession. *Ballenger* is the most instructive case regarding the distinction between actual and constructive possession. In *Ballenger*, police received complaints that a male fitting Ballenger's description was selling drugs on a particular street corner in a high crime area. *Id.* at 197, 470 S.E.2d at 852. When police arrived, they saw Ballenger, who fit the description provided, and observed him in what appeared to be a drug transaction. *Id.* at 197, 470 S.E.2d at 853. When the authorities approached, they observed him put something in his pocket and run away. *Id.* He eventually fell after scaling a fence and was apprehended

when he became entangled in barbed wire. *Id.* at 198, 470 S.E.2d at 853. Crack rocks were found wrapped in newspaper about five feet from where he had fallen. *Id.* It appears the jury was charged as to both actual and constructive possession. *Id.* at 199–200, 470 S.E.2d at 854. On appeal, Ballenger argued no evidence supported either theory and the court of appeals agreed.[2] The South Carolina Supreme Court reversed the court of appeals finding the record contained sufficient evidence of actual possession to submit the case to the jury and upheld Ballenger's conviction. *Ballenger,* 322 S.C. at 200, 470 S.E.2d at 854. The court noted the State's case "hinged on proving actual possession" and specifically commented on the constructive possession theory in a footnote. *Id.* at 199–200, 470 S.E.2d at 854. "Apparently Ballenger focused his argument to the [c]ourt of [a]ppeals on lack of constructive possession, although that court addressed both types of possession in its opinion. However, the constructive possession theory is not applicable here, a fact which the solicitor admitted at trial." *Id.* at 200 n. 3, 470 S.E.2d at 854 n. 3.

The facts in this case are similar to those in *Ballenger* in that the contraband was discovered in a public area over which Fripp had no dominion or control. The State's theory, as in *Ballenger,* was that Fripp had actual possession of the drugs and tossed them when he disappeared behind the black pick-up truck. Such a scenario means the constructive possession theory is not applicable and the giving of the constructive possession charge was erroneous.

However, in order to warrant reversal of Fripp's conviction, the giving of the instruction must have also been prejudicial.[3] "Prejudice to the appellant's case is a prerequisite to reversal of a verdict due to an erroneous jury charge." *State v. Lee–Grigg,* 374 S.C. 388, 415, 649 S.E.2d 41, 55 (Ct.App.2007). "An erroneous jury instruction will not result in reversal unless it causes prejudice to the appealing party." *Berberich v. Jack,*

**2.** *See State v. Ballenger,* 317 S.C. 364, 454 S.E.2d 355 (Ct.App.1995) (discussing the lack of proof as to Ballenger's actual or constructive possession of drugs) *rev'd,* (322 S.C. 196, 470 S.E.2d 851 (1996)).

**3.** Any prejudice in the giving of the constructive possession charge does not appear to have been raised as an issue in *Ballenger.*

392 S.C. 278, 285, 709 S.E.2d 607, 611 (2011). "A jury charge consisting of irrelevant and inapplicable principles may confuse the jury and constitutes reversible error where the jury's confusion affects the outcome of the trial." *Cole*, 378 S.C. at 404, 663 S.E.2d at 33. "No definite rule of law governs finding an error harmless; rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case." *Lee–Grigg*, 374 S.C. at 414, 649 S.E.2d at 55.

In this case, the evidence upon which the State could rely in proving actual possession is entirely circumstantial. Sergeant Rodriguez did not testify he observed Fripp in a drug transaction, saw him put anything in his pocket, or witnessed him drop anything while he was in the parking lot. The dearth of direct evidence as to actual possession leaves us unable to discern on what basis the jury may have reached its verdict. The jury charge as to constructive possession was irrelevant and inapplicable, had the potential to confuse the jury, and may well have affected the outcome of the trial. Therefore, we conclude Fripp's conviction should be reversed and his case remanded for a new trial.

Because the determination of this issue is dispositive, we decline to address Fripp's arguments as to the admission of his statement to Sergeant Rodriguez while in the rear of the patrol car and the admission of the cash and rocks found during the search incident to his arrest for evading arrest. *See Whiteside v. Cherokee Cnty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (the appellate court need not address remaining issues when previous issue is dispositive of appeal).

Based on all of the foregoing, Fripp's conviction is

**REVERSED AND REMANDED.**

PIEPER and GEATHERS, JJ., concur.