**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Frankie Lee Bryant III, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2012-206008

---

Appeal From Bamberg County
Doyet A. Early, Trial Judge
James R. Barber, III, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2016-UP-023
Heard September 8, 2015 – Filed January 20, 2016

---

**REVERSED**

---

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Interim Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Deputy Attorney General David A. Spencer, all of Columbia, for Petitioner.

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia, for Respondent.

---

**PER CURIAM:**  Frankie Bryant was convicted of voluntary manslaughter. Bryant filed an application for post-conviction relief (PCR), which the PCR court granted.  The State appeals, arguing the PCR court erred in finding counsel was ineffective for failing to object to the jury instruction on self-defense because the instructions substantially charged the correct law and were not prejudicial.  We reverse pursuant to Rule 220(b), SCACR, and the following authorities:

1.   As to our standard of review:  *Taylor v. State*, 404 S.C. 350, 359, 745 S.E.2d 97, 101 (2013) ("On appeal in a PCR action, this [c]ourt applies an 'any evidence' standard of review."); *Shumpert v. State*, 378 S.C. 62, 66, 661 S.E.2d 369, 371 (2008) ("A PCR court's findings will be upheld on review if there is any evidence of probative value supporting them."); *id*. ("Where the PCR court's decision is controlled by an error of law, however, this [c]ourt will reverse.").

2.   As to the ineffectiveness of counsel:  *Southerland v. State*, 337 S.C. 610, 616, 524 S.E.2d 833, 836 (1999) (stating in order to obtain PCR relief, "[f]irst, the burden of proof is upon petitioner to show that counsel's performance was deficient as measured by the standard of reasonableness under prevailing professional norms.  Second, the petitioner must prove that he or she was prejudiced by such deficiency to the extent of there being a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (emphasis omitted)).

3.   As to the jury charge, we find the instructions substantially charged the correct law and were not prejudicial:  *Gibbs v. State*, 403 S.C. 484, 495, 744 S.E.2d 170, 176 (2013) ("In evaluating whether a PCR applicant has suffered prejudice as a result of a jury charge, the jury charge must be viewed in its entirety and not in isolation."); *State v. Zeigler*, 364 S.C. 94, 106, 610 S.E.2d 859, 865 (Ct. App. 2005) ("Generally, the trial judge is required to charge only the current and correct law of South Carolina.");  *State v. Fripp*, 397 S.C. 455, 460, 725 S.E.2d 136, 139 (Ct. App. 2012) ("A jury charge consisting of irrelevant and inapplicable principles may confuse the jury and constitutes reversible error where the jury's confusion affects the outcome of the trial." (citation omitted));  *State v. Day*, 341 S.C. 410, 418, 535 S.E.2d 431, 435 (2000) ("[A] trial judge should specifically tailor the self-defense instruction to adequately reflect the facts and theories presented by the defendant.");  *State v. Wood*, 1 S.C.L. (1 Bay) 351 (1794) ("The general rule of law is, 'that wherever the assault or battery proceeds from the plaintiff['s] . . . own fault, as where he gives the first blow, . . . there . . . is sufficient justification to the

defendant.' But there must be, however, in all cases, some proportion between the battery given and the first assault. . . . So that the degree of resistance ought to be in proportion to the nature of the injury offered; that is, that it be sufficient to ward off such injury, and no more. For the moment a man disarms or puts it out of the power of the aggressor from doing him further injury, he ought to desist from using further violence; and if he does commit any further outrage, he, in his turn, then becomes the aggressor."); *Golden v. State*, 1 S.C. 292, 302 (1870) ("It is not every resistance that will justify an enormous battery. The force applied must have a due regard to the purpose it is to accomplish."); *State v. Campbell*, 111 S.C. 112, 113, 96 S.E. 543, 543-44 (1918) ("A person assaulted, being without fault in bringing on the difficulty, has the right to use such force as is necessary for his complete self-protection, or which in the mind of a person of ordinary reason and firmness would reasonably prevent the assailant from taking his life or inflicting serious bodily harm. . . . The defendant, if without fault, [has] the right to use such necessary force as required for his complete protection from loss of life or serious bodily harm, and [cannot] be limited to the degree or quantity of [the] attacking opposing force."); *State v. Hendrix*, 270 S.C. 653, 661, 244 S.E.2d 503, 507 (1978) ("The rule is that ordinarily one is not justified in shooting or employing a deadly weapon after the adversary has been disarmed or disabled."); *id*. ("However, the rule is also that 'when a person is justified in firing the first shot, he is justified in continuing to shoot until it is apparent that the danger to his life and body has ceased[.]'" (quoting 40 C.J.S. *Homicide* § 131(b) at 1020 (1944[1])); *Zeigler*, 364 S.C. at 106, 610 S.E.2d at 865 ("If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error.").

**REVERSED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] The current citation is 40 C.J.S. *Homicide* § 189 (2014).