**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Warren Tremaine Duvant, Appellant.

Appellate Case No. 2018-001030

───────────────

Appeal From York County
Grace Gilchrist Knie, Circuit Court Judge

───────────────

Unpublished Opinion No. 2021-UP-129
Heard December 9, 2020 – Filed April 28, 2021

───────────────

**AFFIRMED**

───────────────

Christopher Lane Williams, of Williams Litigation, LLC, of New Orleans, Louisiana, and Nisha Sandhu, of Covington, Louisiana, both for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William Frederick Schumacher, IV, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

───────────────

**PER CURIAM:** Warren Tremaine Duvant appeals his conviction for trafficking cocaine, arguing the circuit court erred in (1) denying his motion for a directed

verdict, (2) instructing the jury that "actual knowledge of the presence of cocaine is strong evidence of the defendant's intent to control its disposition or use," and (3) admitting into evidence his statement to police despite an anomalous *Miranda*[1] warning.  We affirm.

1.  The circuit court did not err in denying Duvant's directed verdict motion because the State presented evidence from which a jury could determine that Duvant exercised dominion and control over the premises, and thus, was in constructive possession of the cocaine.  *See State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("On appeal from the denial of a directed verdict, this Court views the evidence and all reasonable inferences in the light most favorable to the State." (quoting *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014))); *id.* ("The Court's review is limited to considering the existence or nonexistence of evidence, not its weight."); *State v. Harris*, 413 S.C. 454, 457, 776 S.E.2d 365, 366 (2015) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." (quoting *State v. Brandt*, 393 S.C. 526, 542, 713 S.E.2d 591, 599 (2011))); S.C. Code Ann. § 44-53-370(e)(2) (2018) ("Any person . . . who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of: . . . ten grams or more of cocaine or any mixtures containing cocaine, as provided in Section 44-53-210(b)(4), is guilty of a felony which is known as 'trafficking in cocaine' . . . ."); *State v. Fripp*, 397 S.C. 455, 458, 725 S.E.2d 136, 138 (Ct. App. 2012) ("Actual possession occurs when the drugs are found to be in the actual physical custody of the person charged with possession, while constructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs are found." (quoting *State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996))); *State v. Pradubsri*, 403 S.C. 270, 282, 743 S.E.2d 98, 105 (Ct. App. 2013) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." (quoting *State v. Muhammed*, 338 S.C. 22, 27, 524 S.E.2d 637, 639 (Ct. App. 1999))).

2.  The issue of the circuit court's improper jury instruction is not preserved for our review because Duvant did not object to the circuit court's charge.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by

_____

[1] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

the trial judge.  Issues not raised and ruled upon in the trial court will not be considered on appeal."); *see also* Rule 20(b), SCCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury.  Any objection shall state distinctly the matter objected to and the grounds for objection.  Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Whipple*, 324 S.C. 43, 52, 476 S.E.2d 683, 688 (1996) ("[F]ailure to object to the charge as given, or to request an additional charge when given an opportunity to do so constitutes a waiver of [the defendant's] right to complain on appeal.").

3.  We agree with the circuit court that Duvant received the necessary *Miranda* warnings.  The inclusion of the phrase "[w]e have no way of appointing you a lawyer but one will be appointed by the Court for you if you wish" did not render the *Miranda* advisement defective.  *See Miranda*, 384 U.S. at 444 ("Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.  The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently."); *id.* at 474 ("This does not mean, as some have suggested, that each police station must have a 'station house lawyer' present at all times to advise prisoners.  It does mean, however, that if police propose to interrogate a person they must make known to him that he is entitled to a lawyer and that if he cannot afford one, a lawyer will be provided for him prior to any interrogation.  If authorities conclude that they will not provide counsel during a reasonable period of time in which investigation in the field is carried out, they may refrain from doing so without violating the person's Fifth Amendment privilege so long as they do not question him during that time."); *Florida v. Powell*, 559 U.S. 50, 60 (2010) ("The four warnings *Miranda* requires are invariable, but this Court has not dictated the words in which the essential information must be conveyed."); *Duckworth v. Eagan*, 492 U.S. 195, 204 (1989) (holding the inclusion of the phrase that a lawyer would be appointed "if and when" a defendant goes to court did not violate *Miranda*, noting it "accurately described the procedure for the appointment of counsel in Indiana").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**