19607

The STATE, Respondent, v. Leon TABORY, Appellant.
Leon TABORY, Appellant, v. William D. LEEKE, Director,
South Carolina Department of Corrections, Respondent.

(196 S. E. (2d) 111)

*Laughlin McDonald, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmett H. Clair and Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

April 5, 1973.

LITTLEJOHN, Justice:

This is an appeal from judgment and sentence after conviction of possession for sale of marihuana. South Carolina Code of Laws § 32-1492.1 (1962, as amended). The defendant's arguments for reversal are numerous and will be

examined separately. A summary of the evidence is neces-
sary to an understanding of the issues.

The defendant was a passenger in a U-Haul truck, driven
by David Rubin, when it was stopped on Hilton Head Is-
land approximately 1:00 a.m. on March 1, 1971, by offi-
cers of the sheriff's department. Also stopped was an auto-
mobile, following the truck, in which two other individuals
were traveling. The vehicles were stopped pursuant to a long-
standing policy of the sheriff's office to stop all U-Haul
trucks traveling about Hilton Head Island at night. Rental
trucks were being used in that area in the commission of bur-
glaries and other theft crimes. After questioning the occu-
pants of the truck and automobile, they were all taken to the
Bluffton Town Hall and Jail. There is some confusion in
the testimony as to the sequence of events, but a search war-
rant was obtained and the truck was searched. The search of
the truck produced some 2600 pounds of marihuana, where-
upon the defendant and the three persons with him were
given the *Miranda* warning and arrested.

The other three persons plead guilty to criminal charges.
The defendant was indicted and tried for violation of Act
No. 1158, Acts and Joint Resolutions of the General As-
sembly, 1970, codified as Section 32-1492.1.

Prior to trial, the defendant made a motion to suppress
the physical evidence against him (marihuana, photographs
and a search warrant) on the grounds of lack of probable
cause to stop the vehicle in which he was riding, lack of
probable cause to detain him, and lack of evidence to show
that he exercised any possession or control over the vehicle
or its contents. The motions were denied. On the same
grounds, the defendant made a motion for a directed verdict
of acquittal at the close of the State's case and renewed it
at the close of all the evidence; these were also denied.

Defendant first contends that the lower court erred in
charging the jury that a presumption of "possession for sale"
arises from the possession of marihuana in excess of one

ounce (twenty-eight grams). He argues that the presumption is unconstitutional and that the conviction is invalid because it was based on the presumption. In *Leary v. United States,* 395 U. S. 6, 89 S. Ct. 1532, 23 L. Ed. (2d) 57 (1969), the Supreme Court gave us the basic test by which to measure the constitutionality of criminal statutory presumptions:

". . . [A] criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend."

In Leary, the Court also recognized a strong presumption that statutes enacted by the legislature are constitutional. It is encumbent upon those who would have the court declare the statute unconstitutional to overcome the presumption of constitutionality. Defendant argues that there is no rationale between the proved fact and the presumed fact, but there is nothing in the record before us to substantiate such contention.

Had the record substantiated such a contention, we are not convinced that a twenty-eight gram presumsumption as charged and not excepted to, or a five gram presumption as contained in the statute under which defendant was prosecuted, would have any prejudicial effect in this case. When the quantity of marihuana possessed is 2600 pounds, an application of a presumption based on either amount would be of such minimal effect that an error based on either presumption would be inoffensive.

Section 32-1492.1, under which defendant was convicted, provides that: "Any person having in his possession or under his control, contrary to law, . . . marihuana in an amount more than five grams, . . . shall be *prima facie* guilty of violation of this section."

This was the effective statutory law on March 1, 1971, the date on which the offense was committed. The judge charged the jury a twenty-eight gram presumption of *prima facie*

guilt at the trial in July 1971, based on the 1971 Drug Act, which became effective June 17, 1971. The charge, more beneficial to the defendant, was given out of an abundance of precaution. This charge was agreed to and no exceptions to charging twenty-eight grams instead of five grams were made.

We are not at all sure that the defendant was entitled to the more beneficial charge. The 1971 Drug Act, which became effective June 17, 1971, contained a savings clause which reads in part as follows:

"Prosecution occurring prior to June 17, 1971 is not affected or abated by this article."

The defendant is not in a position to complain of having received the more advantageous charge.

Defendant also argues that the 1971 Drug Act as originally enacted South Carolina Code of Laws § 32-1510.21 *et seq.* (Supp. 1971), nullified the presumption contained in § 32-1492.1, under which the defendant was prosecuted. The 1971 Drug Act, by its own terms, does not apply.

Defendant next argues that the legislature has overstepped its constitutional authority by the enactment of laws regulating the possession and use of marihuana. The exceptions are obviously without merit.

The next challenge concerns the proof needed to establish possession. Defendant contends the State failed to prove possession sufficient to warrant imposition of criminal sanctions. The evidence warrants the inference that the 2600 pounds of marihuana was purchased and loaded on a boat in Jamaica. It was unloaded at Hilton Head Island and was found in the U-Haul truck in which the defendant was riding. The truck was seen empty about three hours before it was apprehended. Prest, a State's witness, testified that he discussed the loading and boating of the marihuana with defendant in Jamaica.

We recognize that proof of possession requires more than proof of mere presence, and that the State must show defendant had dominion and control over the

thing allegedly possessed or had the right to exercise dominion and control over it. *United States v. Bethea,* 143 U. S. App. D. C. 68, 442 F. (2d) 790 (1971). The defendant's presence in the truck alone might not support a finding of possession but, coupled with the incriminating testimony of Prest, the State clearly made a jury issue on the question of possession.

A strong contention on trial was that the police had no probable cause to stop the truck nor to search it; this same contention is argued on appeal. It is submitted that the marihuana, photographs and search warrant should not have been admitted in evidence.

The United States Court of Appeals for the Fourth Circuit has dealt with a kindred question. In *United States v. Gomori,* 437 F. (2d) 312 (4th Cir. 1971), a warrantless search of a rental truck was upheld. The truck was stopped pursuant to instructions based on a memorandum that warned of rental trucks being used to transport stolen goods. A subsequent warrantless search was conducted. The Court concluded that there was probable cause to search :

"When an officer, on stopping a truck under circumstances which are consistent with innocence but at the same time are similar to those in which previous crimes have been committed, is told by the driver of the obviously loaded vehicle that it is empty, he has, we think, probable cause to believe that the attempted concealment is prompted by the fact that stolen or contraband goods are included in the cargo."

Because rental trucks had been used in recent burglaries on Hilton Head Island, it was a policy of the sheriff's office to investigate all rental trucks leaving Hilton Head Island at night. The U-Haul truck in which the defendant was riding was stopped pursuant to that policy. In questioning the driver, Deputy Smith asked what was in the obviously loaded truck. The driver informed the officer it was empty. Deputy Smith testified that as he walked around the truck he smelled marihuana. Under Gomori, the officer had probable cause to

make a warrantless search; instead, he followed the much preferred practice of obtaining a search warrant. The exceptions as to probable cause are without merit.

During the trial, testimony was given by a State's witness to the effect that the driver told him in front of the defendant that the truck was empty. The defendant asserts that allowing such tetsimony into evidence was in violation of his right of confrontation. During the trial, the defendant objected to such testimony, but based his objection on his contention that the testimony was wholly inadmissible because the police had no probable cause to stop the truck. On this appeal, the defendant would now argue that the testimony was hearsay and he was denied his right to cross-examine. The State's witness did not offer testimony in court of a statement made out-of-court to show the truth of the matter asserted; such testimony was offered as evidence of the utterance and hearsay is not involved. See *Player v. Thompson,* S. C., 193 S. E. (2d) 531 (1972). The exception is without merit.

The defendant next questions at what point the *Miranda* warning was required. Admittedly, none of the *Miranda* warnings were given the defendant and the co-defendants while they were being questioned on the highway. We cannot agree with the defendant that such a warning was required.

The courts use custodial interrogation as the point at which the warning should be given. And it is generally held that the kind of interrogation that takes place during an on-the-street encounter does not require compliance with the *Miranda* standards. *United States v. Thomas,* 396 F. (2d) 310 (2nd Cir. 1968); *United States v. Montos,* 421 F. (2d) 215 (5th Cir. 1970); *Utsler v. Erickson,* 440 F. (2d) 140 (8th Cir. 1971). The routine questions asked the defendant and co-defendants on the highway did not require a prior *Miranda* warning.

The defendant also argues the lower court erred in denying his motions for a directed verdict of acquittal. For the

reasons hereinabove stated, we find this exception without merit.

Inasmuch as this case comes to this Court on direct ■ appeal from conviction, the defendant's exception concerning post-conviction relief is not appropriate.

The judgment of the lower court is

Affirmed.

Moss, C. J. and Lewis, Bussey and Brailsford, JJ., concur.

Brailsford, Justice (concurring) :

The 1971 Drug Act, which became effective June 17, 1971, omitted the provision of the earlier Act raising a presumption of possession of marihuana for sale or distribution from proof of possession of a specified quantity of the substance. I question the effectiveness of the ineptly worded savings clause, Section 32-1510.66, Code Supplement for 1971, to preserve the statutory presumption which existed at the time of appellant's arrest, but not at the time of his trial in July, 1971. However, I am convinced that appellant was not prejudiced by the instruction on this presumption, because on this record the conclusion was inescapable that the possessors of 2600 pounds of marihuana possessed it for distribution. No sensible jury could have concluded otherwise. Therefore, I concur in the result.

Lewis and Bussey, JJ., concur.