20276

The STATE, Respondent, v. Charles E. BROWN, Jr., Appellant.

(227 S. E. (2d) 674)

*Messrs. Arthur G. Howe* and *Barry Krell, of Uricchio, Howe & Krell,* and *Ray P. McClain, of Epstein, McClain & Derfner,* Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Gen.,* and *Perry M. Buckner, Staff Atty.,* of Columbia, and *Robert B. Wallace, Sol.,* of Charleston, *for Respondent,*

*Messrs. Arthur G. Howe* and *Barry Krell,* of *Uricchio, Howe & Krell,* and *Ray P. McClain,* of *Epstein, McClain & Derfner,* Charleston, *for Appellant, in Reply.*

Aug. 18, 1976.

GREGORY, Justice:

Brown appeals his conviction and sentence of simple possession of marijuana and possession with intent to distribute marijuana. We reverse.

January 18, 1974 at about 1:00 A. M. a Charleston County patrolman, Rogers, in uniform and driving a marked patrol car saw a 1964 Ford Falcon parked on the side of a desolate, rural county road. As he approached the car, its headlights came on, it started up, and proceeded down the road. Residents in the area had requested patrollings due to vandalism, break-ins, and suspicious automobiles in the area at night. Thinking perhaps the car was stolen, the patrolman turned on his blue light and stopped the suspect car. The driver, Leon Wolfe, got out of the car and produced his license as requested. In response to Rogers' inquiries, he replied that he was in the area just riding around and that the passenger was Chuck Brown. The patrolman frisked Wolfe for a weapon and finding a bulge asked him

to take it out. The bulge was a large roll of cash. There was no weapon.

The patrolman's initial suspicion was compounded by Wolfe's nervousness and the large roll of cash so he approached the car and asked the passenger to step out. Upon approaching the car, the patrolman testified he smelled a strong odor of burned marijuana. The passenger identified himself as Chuck Brown, appellant herein. Rogers requested identification but Brown had none. Brown was frisked but had no weapon.

The patrolman noticed a large brown, opaque garbage bag on the floorboard behind the back seat. Rogers asked Wolfe what was in the bag and was told it was laundry. Rogers reached through the open car window, felt it, and retorted "You don't expect me to believe that?" Wolfe then admitted it was eight pounds of marijuana. The opaque garbage bag contained eight, one-pound packages in translucent, plastic bags, one of which was open. The marijuana was described as damp.

Rogers gave Wolfe and Brown their *Miranda* warnings, placed them in his patrol car and called for assistance. Wolfe was talkative and volunteered that he had an opportunity to buy the marijuana and make some needed money. Brown remained silent except to say to Wolfe to remain silent.

The two were indicted jointly and tried on a two count indictment for simple possession of marijuana [§ 32-1510.49 (c) of the 1962 Code] and possession with intent to distribute [§ 32-1510.49(a) of the 1962 Code]. Prior to trial, both defendants moved to suppress the marijuana on the ground there was no probable cause to stop the car and that the inculpatory statement by Wolfe relied on to effect the seizure, was gotten in violation of Wolfe's Miranda rights. The motion was denied.

The evidence in the case consisted of Patrolman Rogers' testimony and the chemical analyst who confirmed that the contents of the opaque bag was marijuana. Neither Brown

nor Wolfe testified. At the close of the State's case and at the close of the evidence, Brown moved for a directed verdict. Both motions were denied. At the close of the evidence Wolfe pled guilty. Brown was convicted on both counts and sentenced to two and one-half years.

Brown urges four grounds on appeal, one of which we find dispositive and on which we reverse. Brown contends, and we agree, that the State failed to introduce evidence from which a jury could reasonably infer that he had possession of the marijuana.

Conviction of possession of marijuana requires proof of possession—either actual or constructive, coupled with knowledge of its presence. To prove constructive possession the State must show a defendant had dominion and control, or the right to exercise dominion and control, over the marijuana. Such possession can be established by circumstantial as well as direct evidence and may be jointly shared. *U. S. v. Bethea,* 143 U. S. App. D. C. 68, 442 F. (2d) 790 (1971).

The sum total of the State's evidence against Brown is that he was a passenger in a car on a deserted rural road about 1:00 A. M., that Wolfe had an undertermined sum of cash in a large roll, that Brown was nervous and had no identification, that there was a smell of marijuana in the car, and that there was a large opaque bag containing eight pounds of marijuana on the rear floorboard. Wolfe knew Brown's name as Chuck Brown and Brown told Wolfe to be quiet when Wolfe started to admit the crime.

There was no evidence adduced by the State as to ownership of the car or any special relation appellant had with Wolfe or the owner from which Brown's control of the car or its contents might be inferred. The bag containing the marijuana was opaque and so situated that a front seat passenger might never have seen the bag, much less its contents. There was no evidence that Brown was a seller or user of drugs, *Garza v. U. S.,* 385 F. (2d) 899 (5th Cir.

1967) or that he even recognized the odor of marijuana; or that he was a close friend of the driver, *U. S. v. Bethea,* 143 U. S. App. D. C. 68, 442 F. (2d) 790 (1971); or that he spent a substantial part of the night with him, *Bettis v. U. S.,* 408 F. (2d) 563 (9th Cir. 1969). Although Rogers testified he smelled the odor of burned marijuana he found no residue of such in or about the car of the defendant.

It is elementary that in deciding whether the court ▮ erred in failing to direct a verdict in favor of a defendant in a criminal case the appellate court is required to view the testimony in the light most favorable to the State. When a motion for a directed verdict is made the trial judge is concerned with the existence or nonexistence of evidence, not with its weight. It is his duty to submit the case to the jury, if there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. However, the motion for a directed verdict should be granted where evidence merely raises a suspicion of guilt, or is such as to permit the jury to merely conjecture or to speculate as to the accused's guilt. *State v. Matarazzo,* 262 S. C. 662, 207 S. E. (2d) 93, cert. den., 420 U. S. 945, 95 S. Ct. 1324, 43 L. Ed. (2d) 423 (1974).

As this court stated in *State v. Tabory,* 260 S. C. 355, 364, 196 S. E. (2d) 111, 113 (1973), "proof of possession requires more than proof of mere presence," and "the State must show defendant had dominion and control over the thing allegedly possessed or had the right to exercise dominion and control over it." See also *State v. Ellis,* 263 S. C. 12, 207 S. E. (2d) 408, 413 (1974); *State v. Owens,* 123 S. C. 486, 124 S. E. 337 (1922).[1] Although Tabory's conviction was affirmed, a jury issue was made on the question of possession as his presence as a passenger was coupled with statements by a State's witness incriminating

---

[1] For a current review of cases on the possession of illegal drugs by a car occupant see generally 57 A. L. R. 3d 1319.

him.[2] Here, Wolfe's statements in no way incriminated appellant.

The evidence when reviewed in the light most favorable to the State fails to make a jury issue of appellant's dominion and control of the marijuana, an essential element of both crimes. Therefore, the trial court was in error in denying appellant's motion for a directed verdict.

Accordingly, we reverse.

LEWIS, C. J., and LITTLEJOHN, NESS AND RHODES, JJ., concur.

---

[2] In *Tabory*, Prest, a State's witness, testified that he discussed the loading and boating of the marijuana with defendant.