20875

The STATE, Respondent, v. Jerry B. WISE, Appellant.

(252 S. E. (2d) 294)

*John Earl Duncan,* Lexington, *for appellant.*

*Atty. General Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

February 6, 1979.

NESS, Justice:

Appellant, Jerry B. Wise, was found guilty of possession of marijuana with intent to distribute and sentenced to four years imprisonment, suspended upon the service of twenty-four months with five years probation. We affirm.

Pursuant to a search warrant, Lexington County officials stopped appellant as he drove a 1971 green Datsun pickup truck from his place of employment. A quantity of marijuana wrapped in a denim jacket was found behind the driver's seat. Appellant consistently disclaimed any knowledge of the jacket and its contents.

Initially, appellant asserts the trial court erred in denying his motion to suppress the marijuana as there was no probable cause to stop the vehicle. This is without merit.

The property to be searched was described in the affidavit as "a later model green Datsun pickup truck, with a Ben Satcher Motors sticker on the back op-

erated by Roy Stanley Wise." The officer who received the tip testified that the informant said the vehicle was parked at Wise Tile and Marble on Highway 215 north of Pelion. When these specific facts were corroborated by observation, sufficient probable cause existed to stop the truck. See *State v. Peters*, S. C. 248 S. E. (2d) 475 (1978) ; *Draper v. United States*, 358 U. S. 307, 79 S. Ct. 329, 3 L. Ed. (2d) 327 (1959) ; *McCray v. Illinois*, 386 U. S. 300, 87 S. Ct. 1056, 18 L. Ed. (2d) 62 (1967).

■ Appellant also asserts the evidence should have been suppressed because the warrant lacked specificity. While the warrant stated the truck was operated by appellant's brother, Roy Stanley Wise, we do not believe this rendered the warrant infirm. The search warrant was for a *place* and not for a *person*. The description of the vehicle, without mention of its operator, was sufficiently specific to uphold the warrant. See *Steele v. U. S.*, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757 (1925) ; *U. S. v. Hooper*, 320 F. Supp. 507 (D. C. Tenn. 1969), affirmed 438 F. (2d) 968 (6th Cir. 1970) ; 79 C. J. S. Searches and Seizures Section 81.

■ Appellant further contends the marijuana should have been suppressed because the warrant was not returned to the issuing magistrate within the ten day period prescribed by law. We disagree. While respondent concedes Code § 17-13-140 (1976) was not complied with due to an administrative error, appellant failed to show he was prejudiced by the delay. Therefore, the State's failure to fulfill a ministerial requirement does not void the warrant. *Evans v. U. S.*, 242 F. (2d) 534 (6th Cir. 1957) ; *People v. Massey*, 38 Misc. (2d) 403, 238 N. Y. S. (2d) 531 (1963) ; *U. S. v. Gaitan, et al.*, 4 F. (2d) 848 (1925). See also *State v. Sachs*, 264 S. C. 541, 216 S. E. (2d) 501 (1975).

Appellant next asserts the trial court erred in refusing to direct a verdict of acquittal in his favor when there was no

evidence he had any knowledge of, or dominion or control over, the marijuana. This is without merit.

As owner and operator of the pickup truck, appellant clearly had the right to exercise dominion and control over the marijuana. In the North Carolina case of *State v. Bagnard,* 24 N. C. App. 54, 210 S. E. (2d) 93 (1975), the court concluded there was sufficient evidence of possession to submit the question to the jury where the defendant was the driver of the car in which marijuana was found. The Supreme Court of Washington reached a similar result in *State v. Potts,* 1 Wash. App. 614, 464 P. (2d) 742 (1969), where the defendant was the driver and sole occupant of a vehicle containing marijuana. Also see *State. v. Rogers,* 32 N. C. App. 274, 231 S. E. (2d) 919 (1977).

Regarding the element of knowledge, we stated in *State v. Attardo,* 263 S. C. 546, 211 S. E. (2d) 868 (1975), that when one possesses a controlled substance, he may be *presumed* to have knowledge of its nature and contents. Appellant contends that proof of direct knowledge is an essential ingredient of the crime of possession, citing *State v. Brown,* 267 S. C. 311, 227 S. E. (2d) 674 (1976), and *State v. Tabory,* 260 S. C. 355, 196 S. E. (2d) 111 (1973). While the *Brown* opinion states that conviction of possession of marijuana requires proof of possession "coupled with knowledge of its presence," 267 S. C. at 315, 227 S. E. (2d) at 676, both *Brown* and *Tabory* involved situations where the defendant was a passenger in a vehicle found to contain marijuana. Mere proof of presence of a defendant in a vehicle containing a controlled substance has been held insufficient in itself to convict him of the crime of possession. *State v. Weems,* 31 N. C. App. 569, 230 S. E. (2d) 193 (1976); Annot., 57 A. L. R. (3d) 1319.

Here, however, the marijuana was found behind the seat of a truck which admittedly belonged to appellant. He was driving the truck and was its sole oc-

cupant. Accordingly, we believe there was sufficient evidence to permit the jury to conclude that appellant was guilty of possession.

Appellant next asserts the trial court erred in refusing to charge the law of circumstantial evidence. We disagree. As the seized marijuana was direct evidence of appellant's possession, it was unnecessary to charge circumstantial evidence. *State v. Simmons,* 269 S. C. 649, 239 S. E. (2d) 656 (1977).

Finally, appellant contends the trial court erred in allowing the solicitor to argue matters to the jury which were not in evidence and which were prejudicial to him. Specifically, he objects to the solicitor's closing argument which referred to the sale of drugs to Lexington County children.

A trial judge is vested with broad discretion in his decisions regarding the proper scope of argument. *State v. Durden,* 264 S. C. 86, 212 S. E. (2d) 587 (1975); *State v. White,* 246 S. C. 502, 144 S. E. (2d) 481 (1965). Moreover, the fact the marijuana was divided into sixteen one-ounce bags was susceptible of the inference that appellant intended to sell it. We conclude there was no abuse of discretion by the trial judge in permitting the solicitor's argument.

Affirmed.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.