2313

The STATE, Respondent v. Cecil BROWNLEE, Appellant.

(455 S.E. (2d) 704)

Court of Appeals

*Asst. Appellate Defender Robert M. Dudek*, of the *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Combs, Jr.*, and *Asst. Atty. Gen. Rakale B. Smith*, Columbia; and *Sol. George M. Ducworth*, Anderson, *for respondent.*

Submitted Feb. 7, 1995.

Decided Feb. 27, 1995.

HOWARD, Acting Judge:

Cecil Brownlee was convicted of possession of cocaine with the intent to distribute.[1] Brownlee appeals the denial of his motion for a directed verdict. He also appeals the trial court's refusal to charge the jury on the law regarding mere presence. We reverse and remand for a new trial.

On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Morgan*, 282 S.C. 409, 319 S.E. (2d) 335 (1984); *State v. Barksdale*, — S.C. —, 428 S.E. (2d) 498 (Ct. App. 1993). The motion should be granted if the evidence merely raises a suspicion of

---

[1] Brownlee was also convicted of carrying a pistol. He does not appeal from this conviction.

the defendant's guilt. *Barksdale*, 428 S.E. (2d) at 501. However, if the State presents any evidence which reasonably tends to prove defendant's guilt, or from which defendant's guilt could be fairly and logically deduced, the case must go to the jury. *State v. Poindexter*, 314 S.C. 490, 431 S.E. (2d) 254 (1993). On appeal from the denial of a motion for directed verdict, this court must view the evidence in a light most favorable to the State. *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984).

The facts viewed in a light most favorable to the State are as follows. On December 16, 1992, Officer John Barry was on patrol in the vicinity of the Golden T Lounge. As Officer Barry parked in front of the bar, he observed an individual, later identified as Brownlee, enter a 1985 Ford adjacent to the building on the passenger side. Brownlee fumbled with the door for such a time that Officer Barry thought the door must have been locked. Officer Barry testified Brownlee's behavior was suspicious because it looked as though Brownlee was "doing something between his legs with the door partially closed." After only a few seconds, Brownlee exited the car and walked back toward the building. Officer Barry then looked into the Ford and spotted a pistol on the floor partially hidden by the seat. At this point, Officer Barry returned to his vehicle and moved it to a better observation point. Shortly thereafter, Tracy Payton approached the Ford. Officer Barry walked over to Payton and asked who owned the car. Payton explained the car belonged to her cousin, Brenda Hadden, who at that point was also approaching the Ford.

Officer Barry placed Payton under arrest. He then searched the car where he immediately found cocaine in the glove compartment. Hadden was also placed under arrest, and Officer Barry took the two women to the police station where they emphatically denied knowing anything about the gun or cocaine. Hadden explained that Brownlee had borrowed her keys in the bar and returned them just moments before Payton had borrowed the keys. Hadden testified Brownlee had told her he had to put something in the car. Payton's uncle testified he heard Brownlee ask for the keys in the bar. He also said he saw Brownlee run away from the bar when Officer Barry approached the two women. Officer Barry admitted he never saw Brownlee touch the glove compartment.

At the close of the State's case, Brownlee moved for a directed verdict of acquittal on the drug charge, which was denied. The defense presented no evidence and the jury convicted Brownlee of possession of cocaine with the intent to distribute.

We find the State presented enough evidence for a jury to fairly and logically deduce that Brownlee possessed the cocaine with the intent to distribute it. Though Officer Barry did not actually see Brownlee open the glove compartment, he saw Brownlee seated on the passenger side of the vehicle moments before the drugs were found, engaged in some activity. In addition, Hadden testified she always kept her vehicle locked, did not own a gun, and there had been no cocaine or gun kept in her car. Finally, the uncle testified he saw Brownlee run from the scene. Evidence of flight has been held to constitute evidence of guilty knowledge and intent. *State v. Milan-Hernandez*, 287 S.C. 183, 336 S.E.(2d) 476 (1985). Any bias of the witnesses only affects the weight of their testimony. We hold all the evidence viewed in a light most favorable to the State required the trial court to deny Brownlee's motion and submit the issue of guilt to the jury. Thereafter, it was within the province of the jury to judge the credibility of witnesses and determine Brownlee's guilt.

Brownlee next argues the trial court erred in refusing to charge the jury that "mere presence without more would not be enough to convict." We agree and reverse the conviction.

It is error to refuse a requested charge on an issue raised by the indictment and the evidence presented at trial. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987). The charge requested by Brownlee is a correct statement of the law. *See State v. Brown*, 267 S.C. 311, 227 S.E. (2d) 674 (1976) ("Mere presence" where the drugs are present is not sufficient to prove possession). However, even if the trial court refuses to give a proper specific charge, there is no error if the actual charge given covers the substance of the requested charge sufficiently. *State v. Austin*, 299 S.C. 456, 385 S.E. (2d) 830 (1989); *Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630.

The trial court charged the jury as follows on the offense of possession with the intent to distribute cocaine:

The elements of the offense . . . are as follows: One, knowingly and intentionally possessing, either actually or constructively, a controlled substance unlawfully, and, two, that such substance was cocaine. . . .

[P]ossession requires that a person be in actual or constructive possession of the controlled substance with the actual knowledge of its presence. . . . Constructive possession of a controlled substance exists when a person although not in actual physical possession of the controlled substance exercises dominion and control over the substance or has the right to exercise dominion and control over the substance. A person has possession of a controlled substance within the meaning of this law when he has both the power and intent to control its disposition or use. So, under this offense it must be shown that the defendant had possession of the controlled substance and that the defendant knew he had the controlled substance in his possession. Knowledge of the presence of the controlled substance by the defendant is an essential element of possession.

The purpose of a mere presence charge in a drug case ▆▆▆ is to form the jury that any inference which is permissibly drawn from the presence of the defendant at the location where drugs are found is, as a matter of law, insufficient by itself to convict a defendant of the possession or possession with the intent to distribute drugs. In other words, the law does not allow a jury to conclude guilt beyond a reasonable doubt based solely upon the inferences drawn from presence in the proximity of drugs. It is possible for the jury to infer knowledge of the drugs and the intent to exercise dominion and control over them from the mere presence. The law does not condemn this inference. However, the law will not allow that inference, without more, to prove possession beyond a reasonable doubt. Therefore, although the charge as given correctly stated the elements of the offense, it did not adequately cover the substance of Brownlee's request. *See State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630.[2]

---

[2] We have examined the jury charge in the appellate record of *Kimbrell* and note that it is similar to the jury charge given in the case at bar. In *Kimbrell*,

The case of *State v. Austin*, 299 S.C. 456, 385 S.E. (2d) 830, is readily indistinguishable. In *Austin* the defendant requested a "mere presence" charge in the context of accomplice liability. The substance of the charge as given included the requirement of aiding, abetting or assisting in the commission of the crime by some overt act, in addition to presence. The charge explicitly enunciated a requirement of action by the defendant in addition to presence as a required element of proof under the accomplice theory, thereby adequately advising the jury that mere presence was not sufficient to convict. There is no such requirement in the law of possession or possession with the intent to distribute illicit drugs.

Accordingly, the trial court committed reversible error by refusing the requested charge.

Reversed and remanded.

SHAW AND GOOLSBY, JJ., concur.

---

our Supreme Court reversed and remanded the case because the trial judge refused to give a "mere presence" charge. The court held that the given charge did not adequately cover the substance of Kimbrell's request and constituted reversible error. *Id.* at 56, 362 S.E. (2d) at 632.