THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 In the Interest of Kaleem S., a juvenile
 under the age of eighteen, Appellant.
 
 
 

Appeal From Sumter County
 William Jeffrey Young, Family Court Judge
Unpublished Opinion No. 2010-UP-461
Submitted October 1, 2010  Filed October
 25, 2010   
REVERSED

 
 
 
 Appellate Defender Robert Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia;
 and Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Kaleem S. appeals his conviction of possession
 with intent to distribute marijuana (PWID) and PWID within one-half mile of a school,
 arguing the family court erred in denying his motion for a directed verdict.  We
 reverse.[1]
FACTS
Kaleem S. was
 arrested, along with four co-defendants, while leaving a high school football
 game.  A police officer stopped the vehicle Kaleem S. and his co-defendants
 occupied after receiving a tip that the vehicle was involved in suspicious
 activity.  After searching the vehicle, the officer found two bags of marijuana
 in the passenger's backdoor armrest and under the driver's side rear seat.   
At
 trial, the arresting officer testified regarding the incident.  He stated he
 searched the vehicle after removing all of the subjects and found "on the
 passenger's side in the backdoor armrest[,] . . . a plastic bag containing
 twenty small plastic bags of marijuana, and then, also located under the driver's
 side, the rear seat, . . . a plastic bag containing marijuana."  The
 officer arrested all of the individuals for PWID and PWID within one-half a
 mile of a school because "the marijuana was distributed throughout the
 vehicle and was [not] in one centralized location where we could determine
 exactly whose marijuana it was.  And . . . nobody was claiming any kind of
 ownership of the marijuana."  The officer acknowledged he did not know who
 was driving the vehicle, nor did he remember where the defendants were sitting
 in the vehicle at the time of the stop.  The arresting officer confirmed that
 no statements were taken from the individuals at the time of their arrests. 
After
 the State closed its case, Kaleem S. moved for a directed verdict, arguing the
 State failed to present evidence proving Kaleem S. had constructive possession
 of the marijuana.  The family court denied the motion, ruling that the State
 presented sufficient evidence to move forward. The family court explained, "[The
 State] . . . placed all five of [the defendants] in the vehicle, [and] the
 drugs are in two different locations."  The family court ultimately found
 Kaleem S. and his co-defendants guilty of PWID and PWID within one-half mile of
 a school and sentenced them to ninety days' detention with the Department of
 Juvenile Justice.  This appeal followed.
LAW/ANALYSIS
Kaleem
 S. argues the family court erred in denying his motion for a directed verdict
 because the State failed to prove he had constructive possession of the
 marijuana.  We agree.   
"A
 defendant is entitled to a directed verdict when the State fails to present
 evidence of the offense charged."  State v. Heath, 370 S.C. 326,
 329, 635 S.E.2d 18, 19 (2006).  "If there is any direct evidence or
 substantial circumstantial evidence reasonably tending to prove the guilt of
 the accused, [the appellate court] must find the case was properly submitted to
 the jury."  State v. Stanley, 365
 S.C. 24, 42, 615 S.E.2d 455, 464 (Ct. App. 2005).  
"Conviction
 of possession of marijuana requires proof of possession-either actual or
 constructive, coupled with knowledge of its presence."  State v. Brown,
 267 S.C. 311, 315, 227 S.E.2d 674, 676 (1976).   A person is guilty of
 constructive possession of an illegal substance if the State proves "the
 defendant had dominion and control, or the right to exercise dominion and
 control over the [illegal substance]."  Heath, 370 S.C. at
 329, 635 S.E.2d at 19 (quotation marks and citation omitted).
Here, the State did
 not present substantial circumstantial evidence proving Kaleem S. had
 constructive possession of the marijuana.  Kaleem S. was not the owner of the
 vehicle, and the State failed to present evidence demonstrating Kaleem S.
 controlled the vehicle and its contents.  See Id. at 329-30, 635
 S.E.2d at 19 ("The defendant's knowledge and possession may be inferred if
 the substance was found on premises under his control.").  In fact, the
 arresting officer testified he did not know who was driving the vehicle or
 where the defendants were sitting in the vehicle.  See Brown, 267
 S.C. at 315, 227 S.E.2d at 676 (granting a defendant's motion for a directed
 verdict and finding insufficient evidence to prove defendant's dominion and
 control of marijuana when the defendant was passenger in vehicle, driver had an
 undetermined sum of cash, defendant was nervous and had no identification,
 there was smell of marijuana in vehicle, and large opaque bag containing
 marijuana was on the rear floorboard). 
In
 addition, the State failed to present evidence that Kaleem S. had knowledge of
 the marijuana.  The officer testified the marijuana was located in two
 locations in the back of the vehicle.  However, the officer admitted he did not
 remember where Kaleem S. was sitting at the time of the stop.  The State's
 argument that Kaleem S. had knowledge of the marijuana because the bags were in
 plain view in the passenger's side backdoor armrest is unsupported by the
 record.  In fact, the officer testified he discovered the bags of marijuana in a backdoor armrest and under a rear seat.  Moreover, even if the bags
 containing the marijuana were in plain view, the State never established
 whether the marijuana was visible through the bags.  
Accordingly, we
 hold the family court erred in denying Kaleem S.'s motion for a directed
 verdict because the State only presented evidence proving that Kaleem S. was
 present in the vehicle, not that he had dominion and control of the marijuana.  See State v. Wise, 272 S.C. 384, 387, 252 S.E.2d 294, 296 (1979) ("Mere
 proof of presence of a defendant in a vehicle containing a controlled substance
 has been held insufficient in itself to convict him of the crime of possession.").   
For the foregoing
 reasons, the decision of the family court is  
REVERSED. 
WILLIAMS, PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.