THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jackie Lee Boyd, Appellant.
 
 
 

Appeal From Pickens County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No. 2011-UP-070
Submitted February 1, 2011  Filed
 February 23, 2011
AFFIRMED

 
 
 
 Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W.
 McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Mark R. Farthing, all of Columbia; and Solicitor Walt Wilkins,
 of Greenville, for Respondent.
 
 
 

PER CURIAM:  Jackie Lee Boyd appeals his conviction for
 trafficking in cocaine, arguing the
 circuit court erroneously denied his motion for a directed verdict.  He
 contends the State only raised a "mere suspicion" that he knowingly
 possessed the drugs.  We
 affirm.[1]
An
 appellate court reviews the denial of a directed verdict by viewing the
 evidence and all reasonable inferences in the light most favorable to the
 State.  State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006). 
 "If there is any direct evidence or substantial circumstantial evidence
 reasonably tending to prove the guilt of the accused, [an appellate court] must
 find the case was properly submitted to the jury."  Id. at 292-93,
 625 S.E.2d at 648.  The circuit court may not consider the weight of the
 evidence.  Id. at 292, 625 S.E.2d at 648.  However, when the evidence
 "merely raises a suspicion" of guilt, a directed verdict is proper.  State
 v. Lollis, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001).  A mere suspicion
 is a belief that is inspired by "facts or circumstances which do not
 amount to proof."  Id.
Trafficking
 in cocaine occurs when a person is "knowingly in actual or constructive
 possession" of "ten grams or more of cocaine or any mixtures
 containing cocaine."  S.C. Code Ann. § 44-53-370(e), (e)(2) (2002).  Constructive
 possession can be established by circumstantial evidence.  State v. Brown,
 267 S.C. 311, 315, 227 S.E.2d 674, 676 (1976).  "'[T]he State must show a
 defendant had dominion or control, or the right to exercise dominion or
 control.'"  State v. Muhammed, 338 S.C. 22, 26, 524 S.E.2d 637, 639
 (Ct. App. 1999) (quoting State v. Hudson, 277 S.C. 200, 202, 284 S.E.2d
 773, 774-75 (1981)).
Here, substantial circumstantial evidence existed showing Boyd
 knowingly possessed the requisite amount of cocaine.  Specifically, the arresting officer testified he
 discovered a medicine bottle containing drugs in the grass next to the driver's
 side door.  Labs tests determined the
 contents of the medicine bottle to be 10.90 grams of cocaine and 4.37 grams of
 crack cocaine.  The only other passenger in the vehicle testified the medicine
 bottle was in the vehicle prior to the stop.  She also said she did not throw
 it from the vehicle.  This evidence, in
 addition to Boyd's flight, his admission of recent drug use, and the drug
 paraphernalia found on the driver's side of the vehicle, permits the jury to
 reasonably infer guilt.  Accordingly, the decision of the circuit court is
AFFIRMED.
WILLIAMS, GEATHERS, and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.