**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State,                                          Respondent,

v.

Duval Melvin Cooper,                          Appellant.

Appellate Case No. 2010-162207

———————————

Appeal From York County
Lee S. Alford, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-465
Submitted July 2, 2012 – Filed August 1, 2012

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Deputy Attorney General David Spencer, all of Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.

———————————

**PER CURIAM:** Duval Melvin Cooper appeals his convictions of trafficking heroin and trafficking methamphetamine. He argues the trial court erred in denying his motion for a directed verdict because insufficient evidence existed to show constructive possession of the drugs found in a duffle bag in the back of the van he was driving. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009) ("Knowledge can be proven by the evidence of acts, declarations, or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances."); *State v. Williams*, 346 S.C. 424, 430, 552 S.E.2d 54, 57 (Ct. App. 2001) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." (citation and quotation marks omitted)); *State v. Wise*, 272 S.C. 384, 387-88, 252 S.E.2d 294, 296 (1979) (finding evidence the defendant was the owner and operator of a pickup truck containing marijuana was sufficient to create a jury question as to whether he was guilty of possession).

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.