**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Eric Dantzler, Petitioner.

Appellate Case No. 2011-199609

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Memorandum Opinion No. 2014-MO-020
Heard November 19, 2013 – Filed June 18, 2014

———————————

**REVERSED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia; and Solicitor John Gregory Hembree, of North Myrtle Beach, all for Respondent.

———————————

**JUSTICE PLEICONES:** This Court issued a writ of certiorari to review an unpublished court of appeals opinion affirming a denial of a motion for a directed verdict. *State v. Dantzler,* 2011-UP-343 (S.C. Ct. App. filed June 29, 2011). The issue before the Court is whether there was sufficient evidence Petitioner constructively possessed cocaine. We reverse.

## FACTS

The incident leading to this conviction occurred when Petitioner and his girlfriend, Maria Rodriques, were pulled over by officers of the Myrtle Beach Police Department. Officers were called to investigate an incident at a restaurant. On arrival, they noticed a car pulling out of the parking lot and suspected that the occupants of the vehicle were involved in the incident. They pulled the car over and approached the vehicle. Ms. Rodriques was driving the car, and Petitioner was seated in the passenger seat.

An officer spoke briefly to Ms. Rodriques and Petitioner and determined that Ms. Rodriques was involved in the incident at the restaurant. As a result, Ms. Rodriques was immediately arrested.

Since the car was not registered to either Ms. Rodriques or Petitioner,[1] and Petitioner did not have a valid driver's license, officers determined that the car should be towed.

When Petitioner was informed of the towing decision, he asked the officers if a third party could come and pick up the car. The officers denied his request. Upon being told the car was going to be towed, Petitioner acted anxious and nervous and began side stepping away from the vehicle. At this time, an officer began inventorying the car. As Officer Pearce opened the locked glove compartment, Petitioner took off in a sprint.[2] The officers pursued Petitioner but were unable to catch him. After several days, Petitioner turned himself in to the Myrtle Beach Police Department.

During the inventory search, the officer found in the locked glove compartment two plastic baggies containing smaller baggies with a white powdery substance

---

[1] The car was registered to a third-party who was not involved in this case.
[2] At the time Petitioner ran away, an officer still had Petitioner's I.D. card, which Petitioner had given him earlier.

that tested positive for cocaine. In addition to the cocaine, cash in the amount of one thousand seven hundred and thirty dollars was found in Ms. Rodriques's purse.

Ms. Rodriques and Petitioner were tried as co-defendants. At the close of the State's case, Petitioner moved for a directed verdict, arguing that the evidence when viewed in a light most favorable to the State did not suffice to create a jury issue as to constructive possession. The court denied the motion. Petitioner and co-defendant, Maria Rodriques, were convicted of trafficking cocaine in violation of S.C. Code Ann. § 44-53-370(e)(2)(a) (2002), and the Petitioner was sentenced, as a third-time drug offender, to twenty-five years.

Petitioner appealed his conviction, and the court of appeals affirmed. Petitioner sought a writ of certiorari, and this Court granted certiorari on the issue of whether the denial of the directed verdict motion was proper.

## ISSUE

Did the court of appeals err in affirming the circuit court's denial of Petitioner's motion for a directed verdict?

## STANDARD OF REVIEW

A defendant is entitled to a directed verdict when the State fails to present evidence of the offense charged. *State v. McHoney*, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001). In deciding whether the circuit court erred in denying a motion for a directed verdict, the appellate court must view the evidence in the light most favorable to the State. *State v. Hudson*, 277 S.C. 200, 201, 284 S.E.2d 773, 774 (1981). If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the court must find the case was properly submitted to the jury. *State v. Curtis,* 356 S.C. 622, 591 S.E.2d 600 (2004).

## DISCUSSION

Petitioner argues that the court of appeals erred in affirming the circuit court's denial of a motion for a directed verdict because the State failed to show Petitioner constructively possessed the cocaine found in the locked glove compartment of the car. The crux of Petitioner's contention is that while his flight demonstrates evidence of guilty knowledge and intent,[3] there was no direct evidence and

---

[3] Petitioner does not contend that he lacked knowledge.

insufficient circumstantial evidence of Petitioner's right to exercise dominion and control over the locked glove compartment and the cocaine therein to create a jury issue on constructive possession. We agree.

### A. Elements of Constructive Possession

Conviction of drug possession requires proof of possession, either actual[4] or constructive, coupled with knowledge of its presence. *State v. Hudson, supra.* In order to prove constructive possession, the "State must show a defendant had dominion and control, or the right to exercise dominion and control over the [illegal substance]." *State v. Heath,* 370 S.C. 326, 329, 635 S.E.2d 18, 19 (2006) (citing *State v. Halyard,* 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980)). The State may establish constructive possession by either circumstantial or direct evidence. *Id.* Finally, the defendant's knowledge and possession may be inferred if the substance was found on premises under his control. *State v. Adams,* 291 S.C. 132, 135, 352 S.E.2d 483, 486 (1987).

Whether the evidence is sufficient to withstand a directed verdict motion when the State relies upon circumstantial evidence of constructive possession is a fact intensive determination. However, this Court has dealt with similar factual scenarios, which provide us with guidance as to what evidence is sufficient to withstand a motion for a directed verdict.

### B. Illustrative Cases

In *State v. Tabory*, 260 S.C. 355, 196 S.E.2d 111 (1973), we affirmed the denial of a directed verdict motion where the defendant was a passenger in a U-haul truck, where twenty-six hundred pounds of marijuana were found. *Id. at* 362, 196 S.E.2d at 112. The Court noted that while defendant's presence in the truck alone might not support a finding of constructive possession, his presence coupled with incriminating testimony of the State's witness, who testified that he had discussed the unloading and loading of the marijuana with the defendant, made a clear jury issue on the question of constructive possession. *Id.* at 365-66, 196 S.E.2d at 113.

In *State v. Brown,* 267 S.C. 311, 227 S.E.2d 674 (1976), we were again asked whether the evidence of a passenger's constructive possession was sufficient to withstand a motion for directed verdict. In *Brown*, the defendant was a passenger in the front seat of the car where marijuana was found. *Id.* at 313-14, 227 S.E.2d at

---

[4] The State has never argued that Petitioner was in actual possession of the cocaine.

675-76. In finding the State's evidence insufficient to create a jury issue on constructive possession, the Court stated:

> The sum total of the State's evidence against [defendant] is that he was a passenger in a car on a deserted rural road about 1:00 A.M., that [driver] had an undetermined sum of cash in a large roll, that [defendant] was nervous and had no identification, that there was a smell of marijuana in the car, and that there was a large opaque bag containing eight pounds of marijuana on the rear floorboard. [Driver] knew [defendant's] name as Chuck Brown and [defendant] told [driver] to be quiet when [driver] started to admit the crime.

> *Id.* at 315, 227 S.E.2d at 676.

Additionally, the Court noted the defendant did not own the car, and the State failed to show any special relationship defendant had with the driver or owner of the car from which defendant's control of the car or its contents might be inferred. *Id.* The Court distinguished *Tabory* focusing on the fact that in *Tabory,* there was testimony of a State witness which tied the contraband to the defendant. *Brown,* at 317, 227 S.E.2d at 677.

In *State v. Heath*, *supra*, we discussed the "right to exercise dominion and control" element of constructive possession. In *Heath,* the defendant lived with his mother in her home. Police arrived at the residence to search the home for cocaine. *Id.* at 328, 635 S.E.2d at 18. The defendant and his brother were standing outside of the house, and defendant remained there throughout the search. *Id.* at 328, 635 S.E.2d at 18-19. In the house, police found a small crack rock, scales, and numerous plastic baggies. *Id.* In addition, a police dog found 43.48 grams of crack in a car washing mitt in the recycling bin at the rear of the house, and there was evidence that the defendant had been washing the car before the police arrived. *Id.* at 330, 635 S.E.2d at 19.

The appeal centered on whether there was evidence that defendant was in constructive possession of the crack cocaine found in the mitt. *Id.* at 330, 635 S.E.2d at 19. We found there was no direct or circumstantial evidence linking defendant to the crack cocaine, and therefore, examined whether there was evidence that the defendant had dominion and control over the property where the crack was found. *Id.* We held that although the defendant lived where the crack was found, the premises were owned by his mother, and as a result, the defendant only had a right to access the area where the crack was found and not a right to

exercise dominion and control over the area. *Id.* Accordingly, we held that the court erred in not granting defendant's motion for a directed verdict.

In contrast, in *State v. Hudson*, *supra*, this Court found that there was sufficient evidence of constructive possession, where the defendant shared control of the premises in which contraband was found. In *Hudson*, defendant lived in an apartment with his wife and their children. *Id.* at 201, 284 S.E.2d at 774. The police searched the house and found heroin. *Id.* When the police arrived, the defendant was not home, and he never returned home. *Id. at* 202, 284 S.E.2d at 774. He was arrested in his vehicle approximately three hours later. *Id.* Defendant argued there was insufficient evidence that he constructively possessed the heroin found in the apartment. *Id.* at 201, 284 S.E.2d at 774. The Court disagreed and held that the fact defendant shared control of the premises was sufficient evidence to deny a directed verdict on constructive possession. *Id.* at 203, 284 S.E.2d at 775.

Finally, in a factual scenario similar to this case, the court of appeals examined the denial of an automobile's passenger's directed verdict motion where drugs were found in the glove compartment. *State v. Brownlee*, 318 S.C. 34, 455 S.E.2d 704 (Ct. App. 1995). In *Brownlee,* defendant was seen by an officer outside of a bar walking up to a car in the parking lot and entering the passenger side of the vehicle. *Id.* at 36, 455 S.E.2d at 705. The officer was suspicious due to the defendant's behavior while in the car with the door partially opened. *Id.* After a short period of time, defendant exited the vehicle and returned to the bar. *Id.* The officer then approached the vehicle and saw a pistol on the floor partially hidden by the seat. *Id.* Shortly thereafter, two women approached the vehicle, one being the owner of the vehicle. *Id.* The officer placed both women under arrest and searched the vehicle finding cocaine in the glove compartment. *Id.* Both women denied knowing anything about the gun or cocaine. *Id.* The owner of the vehicle explained that defendant had borrowed her keys to put something in her car. *Id.* Another witness corroborated this testimony and stated that defendant fled the scene upon seeing the officer approach the two women. *Id.* The court noted that even with the officer admitting that he never saw the defendant touch the glove compartment, there was sufficient evidence for the trial judge to deny the motion for the directed verdict. *Id.* at 37, 455 S.E.2d at 705-706. The court noted the owner's testimony that she always kept her vehicle locked, that she did not own a gun, and that she testified that there had been no cocaine or gun kept in her car prior to this incident. *Id.* Accordingly, the court affirmed the circuit court's denial of defendant's motion for a directed verdict. *Id.* at 39, 455 S.E.2d at 707.

   C. Application

The dispositive issue in this case is whether there is sufficient evidence that Petitioner had the right to exercise dominion and control over the locked glove compartment.[5]

In determining whether to grant a motion for a directed verdict on constructive possession, as to a co-occupant's right to exercise dominion and control over the place where the contraband is found, in addition to presence, this Court will look for the following evidence: testimony tying the defendant to the contraband (*Tabory, supra; Brownlee, supra*); evidence of control or shared control of the premises (*Hudson, supra*);  and evidence of a special relationship between the owner of the premises from which a right to control may be inferred (*Brown, supra*).

Here, in contrast to *Tabory, supra* and *Brownlee, supra,* there is no evidence of Petitioner's control of the cocaine in the locked glove compartment. In both those cases, there was testimony directly stating that the defendant had either exercised or discussed control over the contraband. The evidence here is that while petitioner may have been aware of the cocaine, there is no evidence he possessed or had a right to control the key to the glove box or the cocaine within.

As to evidence of Petitioner's control or shared control of the vehicle, the State argues that Petitioner's attempts to control the disposition of the vehicle evidences Petitioner's right to exercise dominion or control of the vehicle. We disagree and find that this fact cuts against the proposition that Petitioner had a right to control this vehicle.

While Petitioner sought to have the vehicle turned over to a third party, he failed in this attempt. If Petitioner did, in fact, have a *right* to exercise control over this vehicle, then presumably, the officers would have permitted him to designate someone else to drive the car. This was not the case. In fact, the officers testified that because defendant did not own the car and lacked a driver's license, i.e. did not have a right to control the vehicle, they would not permit him to control the ultimate disposition of the vehicle.

Additionally, the State argues that there is evidence from which a right to control the vehicle may be inferred. The State contends that the special relationship

[5] The State does not argue that Petitioner was exercising dominion or control over the locked glove compartment. Therefore, the inquiry is limited merely to whether he had the right to exercise control over the locked glove compartment.

between the driver and Petitioner and his previous use of the vehicle are sufficient circumstantial evidence from which to infer Petitioner's right to control the locked glove compartment.

While we have acknowledged, that the lack of a special relationship supported a grant of directed verdict, we have never held that a special relationship in and of itself will suffice to withstand a motion for directed verdict. Further, mere presence, even before the incident leading to the discovery of the contraband, will not support the denial of a directed verdict.

Furthermore, in *Heath,* both a special relationship and previous use of the premises were present, yet we found that there was insufficient evidence to create a jury issue as to constructive possession. In *Heath*, the defendant was the son of the owner of the premises. This is a special relationship as substantial as the boyfriend/girlfriend relationship present here. Furthermore, in *Heath*, the defendant's mother actually owned the residence, while as here, Petitioner's girlfriend did not own the vehicle. Additionally, there was evidence that the defendant was a resident of the home, as well as circumstantial evidence that defendant had previously used the car washing mitt where the cocaine was found. Thus, when we have both a comparable special relationship and less evidence of previous use than in *Heath*, we find the evidence did not warrant submission to the jury.

Finally, the State points to Petitioner's proximity as support that Petitioner had a right exercise control over the locked glove compartment. We find Petitioner's proximity is not evidence of his right to control the glove box because the glove box was locked. The right to access the box was dependent on access to the key, which petitioner never possessed. *Compare Brownlee, supra.*

Accordingly, we hold that the court of appeals erred in affirming the circuit court's denial of Petitioner's motion for a directed verdict.

**REVERSED.**

**BEATTY and HEARN, JJ., concur. TOAL, C.J., dissenting in a separate opinion in which KITTREDGE, J., concurs.**

**CHIEF JUSTICE TOAL:** I respectfully dissent. Because the State presented evidence showing that Petitioner had the right to exercise dominion and control over the cocaine, I would hold that the court of appeals properly affirmed the trial court's denial of Petitioner's directed verdict motion.

A trial judge is required to deny a directed verdict motion and submit the case to the jury if there is any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused. *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (citations omitted). When reviewing a denial of a directed verdict motion, this Court must view the evidence and all reasonable inferences in the light most favorable to the State. *State v. Frazier*, 386 S.C. 526, 531, 689 S.E.2d 610, 613 (2010).

A conviction for drug possession requires proof of actual or constructive possession, coupled with knowledge of the presence of the drugs. *State v. Halyard*, 274 S.C. 397, 400, 264 S.E.2d 841, 842 (1980). To prove constructive possession, "the 'State must show a defendant had dominion and control, or the *right to exercise dominion and control* over the illegal substance.'" *State v. Heath*, 370 S.C. 326, 329, 635 S.E.2d 18, 19 (2006) (quoting *Halyard*, 274 S.C. at 400, 264 S.E.2d at 842) (internal marks omitted). Petitioner's nervous behavior and his immediate flight upon police initiating a search of the car's glove compartment indicate that Petitioner had knowledge of the cocaine in the glove compartment. *See State v. Grant*, 275 S.C. 404, 407, 272 S.E.2d 169, 171 (1980) ("[A]ttempts to run away have always been regarded as some evidence of guilty knowledge and intent." (citation omitted)); *State v. Attardo*, 263 S.C. 546, 550, 211 S.E.2d 868, 869 (1975) (stating that knowledge "can be proved by the evidence of acts, declarations or conduct of the accused from which the inference may be drawn that the accused knew of the existence of the prohibited substances").

I would find that the facts of this case provide substantial circumstantial evidence reasonably tending to prove that Petitioner had the right to exercise dominion and control over the cocaine in the glove compartment because his actions indicate that he had the right to control disposition of the car itself. *Cf. State v. Ballenger*, 322 S.C. 196, 199, 470 S.E.2d 851, 854 (1996) ("[C]onstructive possession occurs when the person charged with possession has dominion and control over either the drugs or the premises upon which the drugs are found."); *State v. Hudson*, 277 S.C. 200, 203, 284 S.E.2d 773, 775 (1981) ("Where contraband materials are found on premises under the control of the accused, this fact in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." (citation omitted)). Petitioner's

efforts to avoid having the car towed indicate that he had the right to exercise dominion and control of the car, as well as the drugs inside. Although the police ultimately prevented his attempts, Petitioner's apparent authority over the car and right to control the disposition of the car were evidenced by his attempts to contact a friend to whom he could relinquish control of the car.

In my opinion, the instant case is distinguishable from *State v. Heath*. In *Heath*, the Court found that the State presented no direct or circumstantial evidence linking a defendant to a car-washing mitt that contained crack cocaine. 370 S.C. at 330, 635 S.E.2d at 19. The mitt was found within a recycling bin outside the back door of the defendant's mother's house, where the defendant lived. *Id.* Unlike in *Heath*, where the only connections between the defendant and the drugs were his presence and residency at the house where the drugs were found, Petitioner attempted to control the disposition of the car, had been seen in the car for months prior to the stop, and had a special relationship with the driver. *Id.* In addition, while the defendant in *Heath* was never observed in close proximity to the mitt of crack cocaine, Petitioner was seated in the passenger seat of the car at the time of the stop, within arm's reach of the cocaine in the glove compartment. *Id.*

Further, I find it significant that Petitioner enjoyed a special relationship with the driver of the car—his girlfriend. *See State v. Brown*, 267 S.C. 311, 315, 227 S.E.2d 674, 676 (1976). In *Brown*, the defendant, who was charged with constructive possession of marijuana, was a passenger in the front seat of a car where marijuana was found in a rear passenger compartment. *Id.* at 313, 227 S.E.2d at 314. In holding that the trial judge should have granted the defendant's directed verdict motion, the Court noted that there was no evidence of any "special relation" between the defendant and the driver of the car "from which [defendant's] control of the car or its contents might be inferred." *Id.* at 315, 227 S.E.2d at 676. Unlike in *Brown*, where the defendant's "mere presence" in the car was not enough to create a jury issue on dominion and control of the marijuana, I would find that Petitioner's relationship with the driver, as well as the fact that the two of them had been seen driving the car for several months prior to the stop, is evidence that tends to prove Petitioner's right to exercise dominion and control over the cocaine in the car. *See id.* at 316, 227 S.E.2d at 677.

Therefore, in my opinion, substantial circumstantial evidence existed to create a jury question on constructive possession, and I would hold that the trial judge properly submitted the case to the jury.

**KITTREDGE, J., concurs.**